IN THE UNITED STATES DISTRICT COURT
FOR SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF THE CELLULAR TELEPHONE ASSIGNED CALL NUMBER **(423) 999-9040** | Case No. 12-mj-3009-DGW<br><br>**Filed Under Seal** |

**FILED**
**JAN 0 6 2012**
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

## APPLICATION AND AFFIDAVIT
## IN SUPPORT OF
## A SEARCH WARRANT

I, **JEFFREY OTHIC,** being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. §§ 2703(c)(1)(A) for information about the location of the cellular telephone assigned call number **(423) 999-9040** (the "**TARGET TELEPHONE**"), whose service provider is **T-Mobile**, a wireless telephone service provider headquartered at 4 Sylvan Way, Parsippany NJ 08054. The **TARGET TELEPHONE** is subscribed to Beatriz Lopez, but is believed to be utilized by Jose Guadalupe Guajardo-Gonzalez, who is wanted on an outstanding warrant in SDIL case No. 11-CR-30001-DRH, in which Guajardo-Gonzalez is charged with violations of Title 18, United States Code, Section 922(g)(5) (Possession of Firearm by Illegal Alien) and Section 911 (False Claim to U.S. Citizenship). The **TARGET TELEPHONE** is further described herein and in Attachment A, and the location information to be seized is described herein and in Attachment B.

I am a Special Agent with the Immigration & Customs Enforcement, Homeland Security Investigations (Formerly the Immigration and Naturalization Service (INS) and have been so employed for over fifteen years. Additionally, prior to becoming a Special Agent I was employed with the INS as a Border Patrol Agent for two years and as a Municipal Police Officer

for over four years. My duties as a Special Agent with the ICE-HSI include the investigation of any criminal or administrative violations of the Immigration and Nationality Act and Customs violations of the United States.

The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

Based on the facts set forth in this affidavit, there is probable cause to believe that violations of Title 18, United States Code, Section 922(g)(5) (Possession of Firearm by Illegal Alien) and Section 911 (False Claim to U.S. Citizenship) have been committed by Jose Guadalupe Guajardo-Gonzalez, for whom there is reasonable cause to believe is the user of the **TARGET TELEPHONE**. There is also probable cause to believe that the location information described in Attachment B will lead to the apprehension of Jose Guadalupe Guajardo-Gonzalez, who is wanted on an outstanding warrant in SDIL case No. 11-CR-30001-DRH.

## PROBABLE CAUSE

Jose Guadalupe Guajardo-Gonzalez (hereinafter, "Jose") was charged by Superseding Indictment in Southern District of Illinois Case 11-CR-30001-DRH on January 21, 2011, with Possession of Firearm by Illegal Alien, 18 U.S.C. 922(g)(5)(A), and with False Claim to U.S. Citizenship, 18 U.S.C. 911 (Jose is a citizen of Mexico). A warrant was issued for Jose's arrest contemporaneously with the Indictment, but he has eluded arrest and is a wanted fugitive.

Jose's brother, Gerardo Guajardo-Gonzalez (hereinafter, "Gerardo"), was charged with related crimes, pled guilty, and has served his sentence. Gerardo (also a citizen of Mexico) now awaits removal from the United States.

The federal charges in Case No. 11-CR-30001-DRH arose from a December 12, 2010, incident in Madison County relating to unlawful discharge of a firearm; the discharge was heard by an officer of the Illinois Department of Resources Conservation Police (hereinafter, "Conservation Police"), who arrested Jose and Gerardo. Jose identified himself to the officer as "Alejandro Garcia-Morales." Jose was released from state custody before I had an opportunity to interview him. However, I did interview Gerardo, who informed me that the person who identified himself as Alejandro Garcia-Morales was actually his brother, Jose Guadalupe Guajardo-Gonzalez.

A fingerprint obtained from Jose by the Madison County Sheriff's Office at the time of Jose's arrest on December 12, 2010, matched that of a fingerprint provided by Jose (under his real name) in 1997, when he applied for a border crossing card.

My investigation has also revealed that a Missouri driver's license has been issued to Jose under the name of Alejandro Garcia-Morales, with a date of birth of July 20, 1977.

On November 22, 2011, I interviewed Gerardo, who stated that his brother Jose (to whom Gerardo referred as "Lupe") was residing in the Kansas City, Missouri, area.

However, during the interview, Gerardo asked to call his sister, Zayda; I granted his request. Gerardo then produced a business card, on the back of which were the names and phone numbers of several persons, including those of Zayda. Other names on the card were "Papa," "Miriam," "Julio," and "Lupe." Miriam is the name of Jose's sister. Although the reference to "Julio" is unclear, the other names on the card appear to be the names of immediate family

members of Gerardo. The telephone number on the card for "Lupe" was 423-999-9040; and, as previously stated, Gerardo referred to Jose as "Lupe."

The telephone number 423-999-9040 is actually registered to T-Mobile customer Beatriz Lopez, whose real name is believed to be Guadalupe Beatriz Aguilar-Cortez, a.k.a. Guadalupe Beatriz Lopez.

The number 423 is the Area Code for Chattanooga, Tennessee. Although Guadalupe Beatriz Lopez is believed to have lived in Chattanooga in 2010 and 2011, the last known address for Jose "Lupe" Guajardo-Gonzalez is at 4715 Bonny Oaks Drive, Apt. 16, Chattanooga, Tennessee.

On December 16, 2011, a Court Order authorizing a Pen Register was issued in the Southern District of Illinois for phone number (423) 999-9040. On December 22, 2011, T-Mobile began providing information to Secret Service Special Agent Brad Engle and me regarding phone number (423) 999-9040.

From December 24, 2011, through January 2, 2012, two phone calls were made from (423) 999-9040 to phone number (314) 423-3597 with durations of four and twenty-seven minutes respectively. Public database checks indicate that phone number (314) 423-3597 is an AT&T land line registered to Francisco Aguilar-Cortez, 3537 Vallewood Drive, St. Louis, Missouri 63114. This was the same address utilized by Jose on May 7, 2009, when he obtained a Missouri driver's license under the alias name of Alejandro Garcia-Morales. Furthermore, Francisco Aguilar-Cortez is the brother of Guadalupe Beatriz Aguilar-Cortez (registrant for

phone number 423-999-9040), who has also utilized the 3537 Vallewood Drive address previously.

From December 22, 2011 to January 2, 2012, a total of twenty eight phone calls were made from (423) 999-9040 to phone number (817) 404-2694, which was the phone number for Zayda (sister of Gerardo and Jose) listed on the back of the business card in Gerardo's possession on the day I interviewed Gerardo.

From December 22, 2011 to January 2, 2012, a total of twenty three phone calls were made from (423) 999-9040 to phone number (314) 322-9577, which is registered in the St. Louis metropolitan area. At this time, there is no known correlation to the (314) 322-9577 number other than its being a St. Louis phone number.

The Pen register information indicates that phone (423) 999-9040 is predominantly hitting on a cellular phone tower located in the vicinity of Lenoir City, Tennessee at night, suggesting that the subject is residing in that area.

On January 4, 2012, I called (423) 999-9040 from a blocked phone. The phone rang several times and eventually went to voice mail. The recorded message on the voice mail was a male voice that stated in English with a slight accent, "Hi, This Alex, I'm sorry I can't answer the phones right now at this moment. Please leave your name and number and I call you, bye." As previously stated, Jose used the alias "Alejandro" when applying for a driver's license. "Alejandro" is the Spanish equivalent of "Alexander." And "Alex" is the diminutive of "Alexander."

5

On December 13, 2010, shortly after Jose's arrest, the Conservation Police conducted a videotaped interview of Jose (who identified himself as Alejandro Garcia-Morales). The entire interview was conducted in English. Based upon my comparison of the recorded interview and the voicemail message for phone number 423-999-9040, I believe the male voice on "Alex's" voicemail message matches Jose's voice in the videotaped interview.

Law enforcement agents in Knoxville, Tennessee, informed me today (January 6, 2012) that they have received information of the existence of an auto insurance policy issued in the names of Guadalupe Beatriz Lopez and Alejandro Garcia-Morales, and that in obtaining the policy, the latter-insured furnished a Missouri driver's license identifying the insured as Alejandro Garcia-Morales, with a date of birth of July 20, 1977.

Based upon the above information, there is probable cause to believe that phone number (423) 999-9040 is in the possession of federal fugitive Jose Guadalupe GUAJARDO-GONZALEZ.

I further state that there is probable cause to believe that signaling information, including cell site information, precision location information, and factory installed GPS information would assist Agents in locating and arresting JOSE GUAJARDO-GONZALEZ.

In my training and experience, I have learned that **T-Mobile** is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate at least two kinds of information about the locations of the cellular telephones to which they provide service: (1) E-911 Phase II data, also known as GPS data or latitude-longitude data, and (2) cell-site data, also

known as "tower/face information" or cell tower/sector records. E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers. Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data is typically less precise that E-911 Phase II data.

Based on my training and experience, I know that **T-Mobile** can collect E-911 Phase II data about the location of the **TARGET TELEPHONE**, including by initiating a signal to determine the location of the **TARGET TELEPHONE** on **T-Mobile**'s network or with such other reference points as may be reasonably available.

Based on my training and experience, I know that **T-Mobile** can collect cell-site data about the **TARGET TELEPHONE.**

## AUTHORIZATION REQUEST

Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days after the collection authorized by the warrant has been completed. There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result,

as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the **TARGET TELEPHONE** would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). As further specified in Attachment B, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure of any tangible property. *See* 18 U.S.C. § 3103a(b)(2). Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

I further request that the Court direct **T-Mobile** to disclose to the government any information described in Attachment B that is within the possession, custody, or control of **T-Mobile**. I also request that the Court direct **T-Mobile** to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with **T-Mobile's** services, including by initiating a signal to determine the location of the **TARGET TELEPHONE** on **T-Mobile's** network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall reasonably compensate **T-Mobile** for reasonable expenses incurred in furnishing such facilities or assistance.

I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the **TARGET TELEPHONE** outside of daytime hours.

I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Respectfully submitted,

JEFFERY OTHIC
Special Agent
Immigration & Customs Enforcement,
Homeland Security Investigations

Subscribed and sworn to before me on January 6, 2012

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF ILLINOIS

## ATTACHMENT A

### Property to Be Searched

1. The cellular telephone assigned call number **(423) 999-9040**, (the **"TARGET TELEPHONE"**), whose wireless service provider is **T-Mobile** a company headquartered at **4 Sylvan Way, Parsippany NJ. 08054.** The **TARGET TELEPHONE** is subscribed to Beatriz Lopez, but is believed to be utilized by Jose Guadalupe Guajardo-Gonzalez.

2. Information about the location of the **TARGET TELEPHONE** that is within the possession, custody, or control of **T-Mobile,** including information about the location of the cellular telephone if it is subsequently assigned a different call number.

# ATTACHMENT B

## Particular Things to be Seized

All information about the location of the **TARGET TELEPHONE** described in Attachment A for a period of thirty days, during all times of day and night. "Information about the location of the **TARGET TELEPHONE**" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of **T-Mobile**, **T-Mobile** is required to disclose the Location Information to the government. In addition, **T-Mobile** must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with **T-Mobile's** services, including by initiating a signal to determine the location of the **TARGET TELEPHONE** on **T-Mobile's** network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate **T-Mobile** for reasonable expenses incurred in furnishing such facilities or assistance.

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).